EXHIBIT A

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY
155 N Main St., Edwardsville, IL 62025
(618) 296-4464
madisoncountycircuitclerkIL.com

CASE No. 2013 L 001346

DATE: August 12, 2013

RECEIVED
____ A.M. ____ P.M.
AUG 1 9 2013
SHERIFF
ST. CHARLES CO. MO.

MARILYN RICE

PLAINTIFF

VS.

MC FREIGHT AKA MC FREIGHT TRUCKING COMPANY
WILLIAM B MCLAUGHLIN OWNER
101 SKINNER INDUSTRIAL DR
ST CHARLES, MO 63301

DEFENDANT

DEFENDANT: MC FREIGHT AKA MC FREIGHT TRUCKING COMPANY

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Madison County Circuit Clerk, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

Witness MARK VON NIDA the Clerk of said Circuit Court and the seal thereof, at Edwardsville, Illinois, this August 12, 2013.

MARK VON NIDA
CLERK OF THE CIRCUIT COURT

BY: /s/ Bentlage
Deputy Clerk

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)
RONALD S. MOTIL
BEATTY & MOTIL
78 S MAIN ST PO BOX 730
GLEN CARBON, IL 62034

Date of Service: _____, 20____.
(To be inserted by officer on the copy left with the defendant or other person)

The Madison County Court makes every effort to comply with accessibility laws and provides reasonable accommodations to persons with disabilities. Hearing, visual and other assistance may be arranged by contacting our Court Disability Coordinator, Teri Picchioldi at 618-296-4884.

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| MARILYN RICE and SAVANNAH BEADLE, | ) |
| Plaintiffs, | ) |
| -vs- | ) No. 13-L-_____ |
| MC FREIGHT (a/k/a MC FREIGHT TRUCKING COMPANY), a corporation, and CHRISTOPHER MENDENHALL, | ) |
| Defendants. | ) |

**FILED**
AUG 0 9 2013
CLERK OF CIRCUIT COURT #60
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

## COMPLAINT

## COUNT I

Comes now the Plaintiff, Marilyn Rice, by and through her attorneys, Beatty, Motil, & Jones, and for her cause of action against the Defendant, MC Freight, (a/k/a MC Freight Trucking Company), a corporation, states as follows:

1) That on or about September 2, 2011, at approximately 12:55 p.m., Nameoki Road, at a point near its intersection with Edwards Street, was and still is an open and public roadway running in a generally north and south direction in the City of Granite City, County of Madison, and State of Illinois.

2) That at said time and place, the Plaintiff, Marilyn Rice, was the owner and operator of a 2006 Lincoln Town Car automobile which she was operating in a generally southerly direction upon and along Nameoki Road located in the City of Granite City, County of Madison, and State of Illinois, and was attempting to make a left turn onto Edwards Street from Nameoki Road.

3) That at said time and place, the Defendant, MC Freight (a/k/a MC Freight Trucking Company), a corporation, was the owner of a 2007 Ford Sterling truck, and was being operated by its employee, agent, or servant, Christopher Mendenhall, and was being operated in a generally southerly direction upon and along Nameoki Road some considerable distance behind the vehicle of the Plaintiff, and was approaching the above-stated intersection.

4) That at said time and place, the Plaintiff's vehicle was lawfully stopped on Nameoki Road as it was attempting to turn left onto Edwards Street; and Plaintiff's vehicle had its brake lights and turn signal operating.

5) That at said time and place, the Defendant, by and through its employee, agent, or servant knew, or in the exercise of reasonable care and caution, should have known that the Plaintiff's vehicle was lawfully stopped at said intersection to make a left turn onto Edwards Street.

6) That it then and there became and was the duty of the Defendant, by and through its employee, agent, or servant, to exercise reasonable care and caution in the operation of its vehicle so as not to collide with Plaintiff's vehicle or to injure the Plaintiff.

7) That in disregard of his aforesaid duty, the Defendant, by and through its employee, agent, or servant, negligently and carelessly failed to properly reduce the speed of its vehicle and properly stop before violently colliding with the rear of Plaintiff's vehicle, thereby causing the Plaintiff to suffer serious and permanent injuries, as hereinafter alleged.

8) That the Defendant, by and through its employee, agent, or servant, was then and there guilty of one or more of the following negligent acts or omissions which proximately caused the above-mentioned collision and the Plaintiff's injuries as hereinafter stated:

    (A) Failed to keep said vehicle under proper control so as to avoid a collision with the rear of the vehicle of the Plaintiff;

(B)   Failed to keep a proper lookout ahead for said Plaintiff's vehicle;

(C)   Failed to bring said vehicle to a stop before colliding with the rear of the Plaintiff's vehicle;

(D)   Failed to reduce speed to avoid an accident with the rear of Plaintiff's vehicle;

(E)   Failed to properly and timely apply the brakes on Defendant's vehicle to stop said vehicle before colliding with the rear of Plaintiff's vehicle, or to turn the Defendant's vehicle to the left or right when he saw or should have seen Plaintiff's vehicle properly slowing as aforesaid;

(F)   Failed to maintain proper attention to the traffic ahead, including Plaintiff's vehicle, so as to avoid collision with the Plaintiff's vehicle;

(G)   Operated the vehicle too fast for the conditions present along said roadway.

9)   That as a direct and proximate result of any one or more of the aforementioned negligent acts or omissions by the Defendant, the Plaintiff, Marilyn Rice, then and there sustained severe and permanent injuries, both externally and internally, and she was greatly injured in that she sustained severe and permanent injuries to her neck and back; that she sustained severe and permanent injuries to her muscles, ligaments, tissues and nerves; that she has suffered and will continue to suffer great pain and mental anguish; by reason of said injuries, she was and will be injured from attending to her regular duties and affairs; and she has expended or become obligated for, and will continue to do so in the future, lose large sums of money for hospital and medical services and therapy in endeavoring to heal and care for her injuries; all to the damage of the Plaintiff, Marilyn Rice, in a sum in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, the Plaintiff, Marilyn Rice, prays for a Judgment against the Defendant, MC Freight (a/k/a MC Freight Trucking Company), a corporation, in excess of Fifty Thousand Dollars ($50,000.00) for damages as to personal injuries and for her costs of suit.

## COUNT II

Comes now the Plaintiff, Savannah Beadle, by and through her attorneys, Beatty, Motil, & Jones, and for her cause of action against the Defendant, MC Freight (a/k/a MC Freight Trucking Company), a corporation, states as follows:

1) That on or about September 2, 2011, at approximately 12:55 p.m., Nameoki Road, at a point near its intersection with Edwards Street, was and still is an open and public roadway running in a generally north and south direction in the City of Granite City, County of Madison, and State of Illinois.

2) That at said time and place, the Plaintiff, Savannah Beadle, was a passenger in a 2006 Lincoln Town Car automobile which was owned and being operated by the Plaintiff, Marilyn Rice, in a generally southerly direction upon and along Nameoki Road located in the City of Granite City, County of Madison, and State of Illinois, and was attempting to make a left turn onto Edwards Street from Nameoki Road.

3) That at said time and place, the Defendant, MC Freight (a/k/a MC Freight Trucking Company), a corporation, was the owner of a 2007 Ford Sterling truck, and was being operated by its employee, agent, or servant, Christopher Mendenhall, and was being operated in a generally southerly direction upon and along Nameoki Road some considerable distance behind the vehicle of the Plaintiff, and was approaching the above-stated intersection.

4) That at said time and place, the Plaintiff's vehicle was lawfully stopped on Nameoki Road as it was attempting to turn left onto Edwards Street; and Plaintiff's vehicle had its brake lights and turn signal operating.

5) That at said time and place, the Defendant, by and through its employee, agent, or servant knew, or in the exercise of reasonable care and caution, should have known that the Plaintiff's vehicle was lawfully stopped at said intersection to make a left turn onto Edwards Street.

6) That it then and there became and was the duty of the Defendant, by and through its employee, agent, or servant, to exercise reasonable care and caution in the operation of its vehicle so as not to collide with Plaintiff's vehicle or to injure the Plaintiff.

7) That in disregard of his aforesaid duty, the Defendant, by and through its employee, agent, or servant, negligently and carelessly failed to properly reduce the speed of its vehicle and properly stop before violently colliding with the rear of Plaintiff's vehicle, thereby causing the Plaintiff to suffer serious and permanent injuries, as hereinafter alleged.

8) That the Defendant, by and through its employee, agent, or servant, was then and there guilty of one or more of the following negligent acts or omissions which proximately caused the above-mentioned collision and the Plaintiff's injuries as hereinafter stated:

    (A) Failed to keep said vehicle under proper control so as to avoid a collision with the rear of the vehicle of the Plaintiff;

    (B) Failed to keep a proper lookout ahead for said Plaintiff's vehicle;

    (C) Failed to bring said vehicle to a stop before colliding with the rear of the Plaintiff's vehicle;

    (D) Failed to reduce speed to avoid an accident with the rear of Plaintiff's vehicle;

8/20/2013 2:32 PM FROM: MC AIRFREIGHT MC AIRFREIGHT TO: 12345421042 PAGE: 008 OF 017

 (E) Failed to properly and timely apply the brakes on Defendant's vehicle to stop said vehicle before colliding with the rear of Plaintiff's vehicle, or to turn the Defendant's vehicle to the left or right when he saw or should have seen Plaintiff's vehicle properly slowing as aforesaid;

 (F) Failed to maintain proper attention to the traffic ahead, including Plaintiff's vehicle, so as to avoid collision with the Plaintiff's vehicle;

 (G) Operated the vehicle too fast for the conditions present along said roadway.

9) That as a direct and proximate result of any one or more of the aforementioned negligent acts or omissions by the Defendant, the Plaintiff, Savannah Beadle, then and there sustained severe and permanent injuries, both externally and internally, and she was greatly injured in that she sustained severe and permanent injuries to her neck and back; that she sustained severe and permanent injuries to her muscles, ligaments, tissues and nerves; that she has suffered and will continue to suffer great pain and mental anguish; by reason of said injuries, she was and will be injured from attending to her regular duties and affairs; and she has expended or become obligated for, and will continue to do so in the future, lose large sums of money for hospital and medical services and therapy in endeavoring to heal and care for her injuries; all to the damage of the Plaintiff, Savannah Beadle, in a sum in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, the Plaintiff, Savannah Beadle, prays for a Judgment against the Defendant, MC Freight (a/k/a MC Freight Trucking Company), a corporation, in excess of Fifty Thousand Dollars ($50,000.00) for damages as to personal injuries and for her costs of suit.

## COUNT III

Comes now the Plaintiff, Marilyn Rice, by and through her attorneys, Beatty, Motil, & Jones, and for her cause of action against the Defendant, Christopher Mendenhall, states as follows:

1) That on or about September 2, 2011, at approximately 12:55 p.m., Nameoki Road, at a point near its intersection with Edwards Street, was and still is an open and public roadway running in a generally north and south direction in the City of Granite City, County of Madison, and State of Illinois.

2) That at said time and place, the Plaintiff, Marilyn Rice, was the owner and operator of a 2006 Lincoln Town Car automobile which she was operating in a generally southerly direction upon and along Nameoki Road located in the City of Granite City, County of Madison, and State of Illinois, and was attempting to make a left turn onto Edwards Street from Nameoki Road.

3) That at said time and place, the Defendant, Christopher Mendenhall, was the operator of a 2007 Ford Sterling truck, owned by MC Freight (a/k/a MC Freight Trucking Company), and was operating same in a generally southerly direction upon and along Nameoki Road some considerable distance behind the vehicle of the Plaintiff, and was approaching the above-stated intersection.

4) That at said time and place, the Plaintiff's vehicle was lawfully stopped on Nameoki Road as it was attempting to turn left onto Edwards Street; and Plaintiff's vehicle had its brake lights and turn signal operating.

5) That at said time and place, the Defendant knew, or in the exercise of reasonable care and caution, should have known that the Plaintiff's vehicle was lawfully stopped at said intersection to make a left turn onto Edwards Street.

6) That it then and there became and was the duty of the Defendant, Christopher Mendenhall, to exercise reasonable care and caution in the operation of his vehicle so as not to collide with Plaintiff's vehicle or to injure the Plaintiff.

7) That in disregard of his aforesaid duty, the Defendant negligently and carelessly failed to properly reduce the speed of his vehicle and properly stop before violently colliding with the rear of Plaintiff's vehicle, thereby causing the Plaintiff to suffer serious and permanent injuries, as hereinafter alleged.

8) That the Defendant was then and there guilty of one or more of the following negligent acts or omissions which proximately caused the above-mentioned collision and the Plaintiff's injuries as hereinafter stated:

    (A) Failed to keep said vehicle under proper control so as to avoid a collision with the rear of the vehicle of the Plaintiff;

    (B) Failed to keep a proper lookout ahead for said Plaintiff's vehicle;

    (C) Failed to bring said vehicle to a stop before colliding with the rear of the Plaintiff's vehicle;

    (D) Failed to reduce speed to avoid an accident with the rear of Plaintiff's vehicle;

    (E) Failed to properly and timely apply the brakes on Defendant's vehicle to stop said vehicle before colliding with the rear of Plaintiff's vehicle, or to turn the Defendant's vehicle to the left or right when he saw or should have seen Plaintiff's vehicle properly slowing as aforesaid;

    (F) Failed to maintain proper attention to the traffic ahead, including Plaintiff's vehicle, so as to avoid collision with the Plaintiff's vehicle;

(G) Operated the vehicle too fast for the conditions present along said roadway.

9) That as a direct and proximate result of any one or more of the aforementioned negligent acts or omissions by the Defendant, the Plaintiff, Marilyn Rice, then and there sustained severe and permanent injuries, both externally and internally, and she was greatly injured in that she sustained severe and permanent injuries to her neck and back; that she sustained severe and permanent injuries to her muscles, ligaments, tissues and nerves; that she has suffered and will continue to suffer great pain and mental anguish; by reason of said injuries, she was and will be injured from attending to her regular duties and affairs; and she has expended or become obligated for, and will continue to do so in the future, lose large sums of money for hospital and medical services and therapy in endeavoring to heal and care for her injuries; all to the damage of the Plaintiff, Marilyn Rice, in a sum in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, the Plaintiff, Marilyn Rice, prays for a Judgment against the Defendant, Christopher Mendenhall, in excess of Fifty Thousand Dollars ($50,000.00) for damages as to personal injuries and for her costs of suit.

## COUNT IV

Comes now the Plaintiff, Savannah Beadle, by and through her attorneys, Beatty, Motil, & Jones, and for her cause of action against the Defendant, Christopher Mendenhall, states as follows:

1) That on or about September 2, 2011, at approximately 12:55 p.m., Nameoki Road, at a point near its intersection with Edwards Street, was and still is an open and public roadway

running in a generally north and south direction in the City of Granite City, County of Madison, and State of Illinois.

2) That at said time and place, the Plaintiff, Savannah Beadle, was a passenger in a 2006 Lincoln Town Car automobile which was owned and operated by the Plaintiff, Marilyn Rice, in a generally southerly direction upon and along Nameoki Road located in the City of Granite City, County of Madison, and State of Illinois, and was attempting to make a left turn onto Edwards Street from Nameoki Road.

3) That at said time and place, the Defendant, Christopher Mendenhall, was the operator of a 2007 Ford Sterling truck, owned by MC Freight (a/k/a MC Freight Trucking Company), and was operating same in a generally southerly direction upon and along Nameoki Road some considerable distance behind the vehicle of the Plaintiff, and was approaching the above-stated intersection.

4) That at said time and place, the Plaintiff's vehicle was lawfully stopped on Nameoki Road as it was attempting to turn left onto Edwards Street; and Plaintiff's vehicle had its brake lights and turn signal operating.

5) That at said time and place, the Defendant knew, or in the exercise of reasonable care and caution, should have known that the Plaintiff's vehicle was lawfully stopped at said intersection to make a left turn onto Edwards Street.

6) That it then and there became and was the duty of the Defendant, Christopher Mendenhall, to exercise reasonable care and caution in the operation of his vehicle so as not to collide with Plaintiff's vehicle or to injure the Plaintiff.

7) That in disregard of his aforesaid duty, the Defendant negligently and carelessly failed to properly reduce the speed of his vehicle and properly stop before violently colliding

8/20/2013 2:32 PM  FROM: MC AIRFREIGHT MC AIRFREIGHT  TO: 12345421042  PAGE: 013 OF 017

with the rear of Plaintiff's vehicle, thereby causing the Plaintiff to suffer serious and permanent injuries, as hereinafter alleged.

8) That the Defendant was then and there guilty of one or more of the following negligent acts or omissions which proximately caused the above-mentioned collision and the Plaintiff's injuries as hereinafter stated:

(A) Failed to keep said vehicle under proper control so as to avoid a collision with the rear of the vehicle of the Plaintiff;

(B) Failed to keep a proper lookout ahead for said Plaintiff's vehicle;

(C) Failed to bring said vehicle to a stop before colliding with the rear of the Plaintiff's vehicle;

(D) Failed to reduce speed to avoid an accident with the rear of Plaintiff's vehicle;

(E) Failed to properly and timely apply the brakes on Defendant's vehicle to stop said vehicle before colliding with the rear of Plaintiff's vehicle, or to turn the Defendant's vehicle to the left or right when he saw or should have seen Plaintiff's vehicle properly slowing as aforesaid;

(F) Failed to maintain proper attention to the traffic ahead, including Plaintiff's vehicle, so as to avoid collision with the Plaintiff's vehicle;

(G) Operated the vehicle too fast for the conditions present along said roadway.

9) That as a direct and proximate result of any one or more of the aforementioned negligent acts or omissions by the Defendant, the Plaintiff, Savannah Beadle, then and there sustained severe and permanent injuries, both externally and internally, and she was greatly injured in that she sustained severe and permanent injuries to her neck and back; that she sustained severe and permanent injuries to her muscles, ligaments, tissues and nerves; that she has suffered and will continue to suffer great pain and mental anguish; by reason of said injuries, she was and will be injured from attending to her regular duties and affairs; and she has

expended or become obligated for, and will continue to do so in the future, lose large sums of money for hospital and medical services and therapy in endeavoring to heal and care for her injuries; all to the damage of the Plaintiff, Savannah Beadle, in a sum in excess of Fifty Thousand Dollars ($50,000.00).

WHEREFORE, the Plaintiff, Savannah Beadle, prays for a Judgment against the Defendant, Christopher Mendenhall, in excess of Fifty Thousand Dollars ($50,000.00) for damages as to personal injuries and for her costs of suit.

MARILYN RICE and SAVANNAH BEADLE, Plaintiffs.

By: _____

Ronald S. Motil - #06185802
BEATTY, MOTIL, & JONES
78 South Main Street
P.O. Box 730
Glen Carbon, IL 62034
(618) 288-1300
(618) 288-1112 Fax
ATTORNEYS FOR PLAINTIFFS