IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARILYN RICE and SAVANNAH BEADLE,<br><br>        Plaintiffs,<br><br>   vs.<br><br>MC FREIGHT and CHRISTOPHER MENDENHALL,<br><br>        Defendants. | Case No. 13-cv-955-JPG-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiffs Marilyn Rice's and Savannah Beadle's (collectively "Plaintiffs") motion to remand (Doc. 9). Defendant MC Freight filed a response (Doc. 11) to which Plaintiffs replied (Doc. 12). For the following reasons, the Court denies Plaintiffs' motion.

1. **Background**

On September 2, 2011, the vehicles driven by Rice and defendant Christopher Mendenhall were involved in a motor vehicle accident in Granite City, Illinois. Beadle was a passenger in Rice's vehicle, a 2006 Lincoln Town Car. Rice was stopped while attempting to make a left turn on to a side street. Mendenhall was driving a 2007 Ford Sterling truck, owned by MC Freight, behind Rice's vehicle. Mendenhall failed to yield and "violently" rear-ended Rice's vehicle, causing Rice and Beadle severe injuries. On August 9, 2013, Rice and Beadle filed a four-count complaint against MC Freight and Christopher Mendenhall (collectively "Defendants") in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, Case Number 13-L-1346, setting forth the following counts: (1) Count One – Rice's negligence claim

against MC Freight; (2) Count Two – Beadle's negligence claim against MC Freight; (3) Count Three – Rice's negligence claim against Mendenhall; and (4) Count Four – Beadle's negligence claims against Mendenhall.

In her complaint, Rice alleges she

> sustained severe and permanent injuries, both externally and internally, and she was greatly injured in that she sustained severe and permanent injuries to her neck and back; that she sustained severe and permanent injuries to her muscles, ligaments, tissues and nerves; that she has suffered and will continue to suffer great pain and mental anguish; by reasons of said injuries, she was and will be injured from attending to her regular duties and affairs; and she has expended or become obligated for, and will continue to do so in the future, lose large sums of money for hospital and medical services and therapy in endeavoring to heal and care for her injuries; all to the damages of the Plaintiff, Marilyn Rice, in a sum in excess of Fifty Thousand Dollars ($50,000.00).

Doc. 2-1, p. 4. Beadle's allegations are identical to Rice's.

On September 16, 2013, MC Freight removed the case to this Court on the basis of diversity of citizenship. It appears that Mendenhall has yet to be served. Plaintiffs filed a motion to remand this case to state court alleging this Court does not have jurisdiction because MC Freight failed to offer evidence which proves to a "reasonable probability" that Plaintiffs' claims exceed $75,000. Doc. 9, p. 1. In the body of their memorandum, Plaintiffs alleged MC Freight failed to show by a preponderance of the evidence that the Plaintiffs' individual claims exceeded $75,000. Plaintiffs maintain that MC Freight is aggregating the Plaintiffs' claims to reach the $75,000 jurisdictional threshold.

MC Freight responded arguing that the allegations in the complaint clearly allege damages that would exceed $75,000 for each individual plaintiff. The complaint's prayer for relief states damages exceed $50,000. Further, the complaint alleges that each plaintiff suffered "serious and permanent injuries", injures to the head and back, physical and mental anguish, and

that the loss included "large sums of money" for "hospital and medical services and therapy in endeavoring to heal and care for her injuries."  Doc. 11, p. 3.

MC Freight has also provided copies of Plaintiffs' medical records.  These records indicate Plaintiffs were diagnosed with serious injuries such as disc ruptures and herniations that cannot be resolved without lengthy treatment.  Doc. 11, p. 3.  MC Freight also produced medical bills for the first three months after treatment indicating Beadle's bills totaled $17,810.00, and Rice's bills totaled $21,365.00 for the time period of September 2011 through December 6, 2011.  Finally, MC Freight indicates Plaintiffs declined to sign an affidavit limiting their damages to less than $75,000 after this case was removed.

Plaintiffs filed a reply in which they do not contest the relevant factual allegations set forth by MC Freight in its response.  Rather, Plaintiffs argue that MC Freight relied on information not available at the time it removed this case to establish the jurisdictional amount in contradiction to Seventh Circuit case law.

## 2. Analysis

The defendant, as the party seeking to invoke federal jurisdiction, bears the burden of demonstrating by a preponderance of the evidence facts showing that the plaintiff stands to recover more than $75,000 in the suit.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006).[1]  The amount in controversy in a case removed from state court is "the amount required to satisfy the plaintiff's demands in full

---

[1] Plaintiffs cite **Error! Main Document Only.**to the now-defunct standard that the defendant must prove a "reasonable probability that jurisdiction exists," that is, that the minimum amount in controversy is satisfied. *Meridian* was the death knell of that phraseology, *Meridian*, 441 F.3d at 540 ("We now retract that language; it has no role to play in determining the amount in controversy."); *id.* at 542 ("'Reasonable probability that jurisdiction exists', a phrase with no provenance and no following outside this circuit, is banished from our lexicon."), clarifying that the defendant must demonstrate *by a preponderance of the evidence* facts showing that the amount in controversy requirement is satisfied.  In the body of their briefs, however, Plaintiffs properly cite to the "preponderance of the evidence" standard from *Meridian*.

on the day . . . the suit was removed." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006) (citing *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002)). Where the plaintiff has provided minimal information to evaluate the value of their claims, the defendant need only give a "good-faith estimate of the stakes" that "is plausible and supported by a preponderance of the evidence." *Oshana*, 472 F.3d at 511. After the Court decides any contested facts relevant to the amount in controversy, "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Meridian*, 441 F.3d at 442; *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) ("[T]he sum claimed by [the proponent of federal jurisdiction] controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.").

A plaintiff may prevent removal by stipulating that damages will not exceed $75,000. *Oshana*, 472 F.3d at 511 (citing *BEM I, L.L.C.,* 301 F.3d at 552; *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000)). Where a plaintiff refuses to stipulate to damages of $75,000 or less, "'the inference arises that he thinks his claim may be worth more.'" *Oshana*, 472 F.3d at 512 (quoting *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000)).

First, the Court will address Plaintiffs' assertion that the Court cannot consider evidence not available until after the case was removed. Plaintiffs cite to *Chase v. Shop 'N Save Warehouse Foods, Inc.*, in which the Seventh Circuit stated that a district court "is limited to examining only the evidence of amount in controversy that was available at the moment the petition for removal was filed." 110 F.3d 424, 427-28 (7th Cir. 1997). Plaintiffs, however, fail to cite to *Harmon v. OKI Systems*, a subsequent Seventh Circuit case in which the court

4

considered *Chase* and concluded that "[t]he test should simply be whether the evidence sheds light on the situation which existed when the case was removed." 115 F.3d 477, 479-80 (7th Cir. 1997). Based on *Harmon*, district courts have concluded that "a defendant may use evidence discovered after removal to show the existence of jurisdiction, as long as the evidence reflects the parties' jurisdictional posture at the time of removal." *Tate v. Werner Co.*, IP 02-0031-C-K/T, 2002 WL 1398533, at *2 (S.D. Ind. June 26, 2002); *see also Ford v. Keck*, No. 06-cv-667-DRH, 2007 WL 1022003, at *4 (S.D. Ill. Apr. 2, 2007). Accordingly, this Court may consider evidence not available at the time of removal as long as it sheds light on the amount in controversy at the time of removal.

Now, the Court will consider whether MC Freight has presented evidence by which this Court may find by a preponderance of the evidence that the amount in controversy at the time of removal exceeded $75,000. As an initial matter, Plaintiffs do not contest the relevant facts in MC Freight's response. During the first three months alone, Rice's and Beadle's medical bills from one medical provider were $21,365.00 (Doc. 11-3) and $17,810.00 (Doc. 11-4), respectively. These amounts combined with Plaintiffs' allegations concerning the severity of their injuries and the need for long term care provide support for MC Freight's good-faith estimate that each plaintiffs' claims will exceed $75,000. Further, Plaintiffs' refusal to sign an affidavit limiting their amount of damages to below $75,000 raises the inference that Plaintiffs believe their claims are worth more than $75,000. Accordingly, based on the uncontested evidence, the Court finds by a preponderance of the evidence that the amount in controversy on the day MC Freight removed the case was in excess of $75,000. Plaintiffs have failed to show that it is legally certain that the amount in controversy is less than $75,000. Thus, this Court has jurisdiction based on diversity of citizenship.

3. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for remand (Doc. 9).

**IT IS SO ORDERED.**

**DATED:** November 18, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
